[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, Michael Kundert, on January 20, 1998, filed with this court a petition for writ of habeas corpus. Petitioner is imprisoned at Garner Correctional Institution (Garner), and he claims that his confinement at Garner is illegal because a discipline hearing, a classification hearing, and a gang-designation hearing were all denied him or improperly held.
The root of the petitioner's disciplinary problems was the discovery during a shakedown search of his cell at Cheshire Correctional Institute (Cheshire) on February 3, 1997 of a publication called "The Bay Aryan." This publication is deemed by the Department of corrections to be security risk group material that is published by an affiliate of the Aryan Brotherhood, an organization that was designated to be a security risk group by the Department of Corrections, effective April 20, 1993.
As a result of this designation, any inmate who exhibits any behavior, activity, or identification with the Aryan Brotherhood is subject to disciplinary action.
Petitioner admits that he was in possession of The Bay Aryan, but claims he should not be held responsible for that possession for two reasons. He first claims that he received The Bay Aryan through the Correction Department's interdepartmental mail, since at the time he had been recently transferred from Walker Correctional Institution to Cheshire, and because it was delivered to him, he had no responsibility for having it in his possession. He also claims that The Bay Aryan was not listed on any list of forbidden publications and therefore he had no idea that The Bay Aryan was not to be in his possession.
The petitioner has reversed the duties of the parties concerning improper materials. It is not the duty of the Department of Corrections to withhold gang materials from inmates but, on the contrary, it is the duty of a compliant inmate to reject the possession of such materials or risk disciplinary action for a failure to do so. A cursory examination of The Bay Aryan illustrates its advocacy of racial and religious discrimination which if followed in a correctional facility would lead to an atmosphere detrimental to the security, good order, and discipline of the facility. The impropriety of the possession by an inmate is so evident that a claim of ignorance or lack of notice cannot prevail.
As a result of the discovery at Cheshire of The Bay Aryan in CT Page 5146 the petitioner's cell, Lt. Dwayne Harris filed a disciplinary report dated February 5, 1997 that was investigated by R. E. DeFrancesco and included an interview of petitioner and his acknowledgment in writing that he requested no witnesses. The disciplinary hearing was scheduled for February 20, 1997, and in addition, written notice was given on February 6, 1997 for a hearing to determine security risk group membership for February 20, 1997. As a result of the hearings held on February 20, 1997 before Hearing Officer, Edward Dest, the petitioner was found guilty of security risk group affiliation and received sanctions of loss of good time of forty-five days, confinement to quarters for fifteen days, and loss of mail privileges for thirty days. In addition, a subsequent hearing was conducted as to security risk group membership, and Hearing Officer Dest found petitioner to be a member of the security risk group, Aryan Brotherhood, and subject to Administrative Directive 6.14, Security Risk Groups.
The hearings before Hearing Officer Dest complied with the due process requirements of Wolf v. McDonnell, 418 U.S. 539. Advance written notice of the claimed violation was furnished. The petitioner was given an opportunity to call witnesses and present documentary evidence which he declined to do. The hearing was held before an impartial hearing officer. A written statement of the fact-findings as to the evidence relied upon and the reasons for the disciplinary action taken was prepared by the hearing officer with a copy to the petitioner.
In summary, there was a factual basis for petitioner's designation, and that the sanctions and designations received were based on proceedings that complied with the requirements of due process.
For the foregoing reasons, the petition is dismissed.
Stodolink J.